IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>CRDENTIA CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 10-_____<br><br>(Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN INTERIM AND FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR DETERMINING <u>ADEQUATE ASSURANCE OF PAYMENT</u>**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby move (the "<u>Motion</u>") for entry of an interim order (the "<u>Interim Order</u>") and a final order (the "<u>Final Order</u>"), pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), (i) determining that the Utility Providers (as defined below) have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Debtors' proposed offer of adequate assurance and procedures whereby the Utility Providers may request additional or different adequate assurance; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are: Crdentia Corp. (5701), ATS Universal, LLC (3980), Baker Anderson Christie, Inc. (3631), CRDE Corp. (2509), GHS Acquisition Corporation (9736), Health Industry Professionals, LLC (4246), HIP Holding, Inc. (3468), MP Health Corp. (4403), New Age Staffing, Inc. (1214) and Nurses Network, Inc. (6291). The Debtors' mailing address for purposes of these cases is 1964 Howell Branch Road, Ste. 206, Winter Park, Florida 32792.

by this Motion; and (v) setting a final hearing (the "Final Hearing") on the Debtors' proposed adequate assurance and consideration of entry of the Final Order. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and the Motion in this Court is proper under 28 U.S.C. § 1408 and § 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

3. On March 17, 2010 (the "Petition Date"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these cases. The Debtors are operating their respective businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the Declaration of Rebecca Irish in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings filed contemporaneously herewith and incorporated herein by reference.

5. In the ordinary course of business, the Debtors regularly incur utility expenses for electricity, natural gas, local and long-distance telephone service, and water and sewer services and waste management services, which are generally included as part of the common area and maintenance charges and paid as part of the Debtors' monthly lease payments. The Debtors' aggregate average monthly cost for utility services is approximately $9,627.00.

The utility services are provided by approximately twenty one (21) utility companies (the "Utility Providers"). A list of these Utility Providers is attached as **Exhibit A** hereto (the "Utility Provider List").[2]

6. As of the Petition Date and as qualified below, the Debtors are generally current on payments to the Utility Providers for utility services. Overall, the Debtors have a long and established payment history with most of the Utility Providers indicating consistent payment for utility services. As of the Petition Date, however, the Debtors may have had (a) prepetition accounts payable to certain Utility Providers, (b) outstanding checks issued to certain Utility Providers in payment for prepetition charges for utility services that had not cleared the Debtors' bank account prior to the Petition Date or (c) liabilities for prepetition utility services for which the Debtors had not yet been billed.

7. Access to utility services is critical to the Debtors' ongoing operations pending the sale of some or all of the Debtors' business and assets and thereafter during the transition period. Should any Utility Provider refuse or discontinue a utility service even for a brief period of time, the Debtors' retail operations and administrative functions would be severely disrupted. Any such disruption would diminish the value of the Debtors' estates. In this regard, it is in the best interest of the Debtors, their estates and their creditors to maintain continuous and uninterrupted utility services during these chapter 11 cases. Accordingly, the Debtors are seeking the relief requested herein.

---

[2] The Debtors reserve the right to assert that any of the entities now or hereafter listed in Exhibit A are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code, and to assert that any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the filing of these chapter 11 cases.

**RELIEF REQUESTED**

8. Section 366(a) of the Bankruptcy Code prevents utility companies from discontinuing, altering or refusing service to a debtor during the first twenty (20) days of a bankruptcy case. However, a utility company has the option of terminating its services thirty (30) days from the petition date pursuant to section 366(c)(2) of the Bankruptcy Code if a debtor has not furnished adequate assurance of payment.

9. By this Motion, the Debtors respectfully request the entry of the Interim Order and the Final Order, pursuant to sections 105(a) and 366 of the Bankruptcy Code: (i) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (ii) approving the Debtors' proposed offer of adequate assurance and procedures whereby the Utility Providers may request additional or different adequate assurance; (iii) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; (iv) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion; and (v) setting the Final Hearing on the Debtors' proposed adequate assurance and consideration of entry of the Final Order.[3]

---

[3] Nothing herein is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (c) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

4

## I. The Proposed Adequate Assurance

10. The Debtors fully intend to pay all postpetition obligations owed to the Utility Providers in a timely manner and expect that they will have funds sufficient to pay all postpetition utility obligations.

11. As adequate assurance of future payment to the Utility Providers, the Debtors propose to deposit cash in an amount equal to the approximate aggregate cost of two (2) weeks of utility service from the Utility Providers calculated as an historical average for 2009 or $4,814.00 (the "Adequate Assurance Deposits") into an interest-bearing, newly-created segregated account (the "Utility Account") within ten (10) business days after the date of entry of the Interim Order approving this Motion; provided, however, that, the Debtors, in their sole discretion and without further application to or order of the Court, may reduce the Utility Account upon termination of utility services from a particular Utility Provider in an amount equal to the approximate cost of two (2) weeks of utility service from such Utility Provider.[4] Upon the effective date of any plan of reorganization or liquidation of the Debtors, unless otherwise provided in such plan of reorganization or liquidation or other order of the Court, the Debtors, in their sole discretion and without further application to or order of the Court, may close the Utility Account and return all remaining funds to their operational and deposit accounts maintained in the ordinary course of business.

12. The Debtors submit that the Adequate Assurance Deposits, in conjunction with the Debtors' ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to

---

[4] In the event that the Debtors have multiple utility services accounts with a particular Utility Provider, the Debtors' reduction of the Utility Deposit upon termination of utility services from a particular Utility Provider will be based on those utility services accounts actually terminated.

the Utility Providers. If any Utility Provider believes additional assurance is required, they may request such assurance pursuant to the below described procedures.

## II. The Proposed Adequate Assurance Procedures

13. In light of the severe consequences to the Debtors of any interruption in services by the Utility Providers, but recognizing the right of the Utility Providers to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose the following procedures (the "Adequate Assurance Procedures") for approval and adoption:

(a) Absent compliance with the Adequate Assurance Procedures, the Utility Providers may not alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.

(b) The Debtors will serve copies of the Motion and the Interim Order via first-class mail, within three (3) business days after the date that the Interim Order is entered by the Court on all Utility Providers identified on the Utility Provider List. In the event that any Utility Provider has been omitted from the Utility Provider List, the Debtors shall supplement this list and shall promptly serve copies of the Motion and the Interim Order on such Utility Provider upon learning of such omission.

(c) Any Utility Provider that believes it requires additional adequate assurance must serve a request (an "Adequate Assurance Request") so that it is received no later than five (5) days prior to the Final Hearing (the "Request Deadline") by the Debtors and by proposed counsel for the Debtors at the following addresses: (i) Crdentia Corp., Attn: Rebecca Irish, 1964 Howell Branch Road, Ste. 206, Winter Park, Florida 32792, rirish@rvrteam.com; (ii) Gersten Savage LLP, Attn: Paul Rachmuth, 600 Lexington Avenue, New York, New York 10022, prachmuth@gerstensavage.com; and (iii) Bayard, P.A., Attn: Jamie L. Edmonson, 222 Delaware Avenue, Suite 900, Wilmington, DE 19801, jedmonson@bayardlaw.com.

(d) Any Adequate Assurance Request must (i) be made in writing; (ii) set forth the location for which utility services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other

6

prepayments or assurances previously provided by the Debtors; (iv) set forth the basis for the Utility Provider's belief that the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; (v) include a proposal for what would constitute adequate assurance of future payment from the Debtors, along with an explanation of why such proposal is reasonable; and (vi) be received by the Request Deadline. Any Adequate Assurance Request that fails to meet these requirements shall be deemed an invalid request for adequate assurance.

(e) Upon the Debtors' receipt of any Adequate Assurance Request at the address set forth above, the Debtors shall have until two (2) days prior to the Final Hearing or such other date as the parties mutually agree (the "Resolution Period") to negotiate with a Utility Provider and advise the Utility Provider that the Adequate Assurance Request is acceptable or that they will contest the Adequate Assurance Request at the Final Hearing.

(f) The Debtors may, in their discretion, resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors believe such additional assurance is reasonable.

(g) If the Debtors determine that the Adequate Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the adequacy of assurances of payment with respect to a particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code will be determined at the Final Hearing.

(h) Pending resolution of an Adequate Assurance Request at any such Final Hearing and entry of a final, non-appealable order thereon finding that the Utility Provider is not adequately assured of future payment, such Utility Provider shall be (i) prohibited from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance and (ii) deemed to have adequate assurance of payment.

(i) Any Utility Provider that does not serve an Adequate Assurance Request by the Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility

7

Provider within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall be further deemed to have waived any right to seek additional adequate assurance during the course of the Debtors' chapter 11 cases, except as provided in section 366(c)(3) of the Bankruptcy Code.

14. The Debtors also request that any bonds or security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Providers holding the same, except upon either (a) written agreement(s) between the Debtors and a Utility Provider without further order of the Court or (b) further order(s) of the Court.

### III. The Final Hearing

15. In order to (a) address any outstanding objections to the Motion and/or (b) resolve any Adequate Assurance Request within thirty (30) days following the Petition Date, the Debtors request that the Court schedule the Final Hearing at its convenience on a date in advance of the expiration of such thirty (30) day period.

### IV. Subsequent Modifications To The Utility Provider List

16. The Debtors have made an extensive and good faith effort to identify the Utility Providers and include them on the Utility Provider List. Nonetheless, it is possible that certain Utility Providers have not yet been identified or included. To the extent that the Debtors identify additional Utility Providers, the Debtors will promptly (a) file a supplement to the Utility Provider List adding the name of the newly-identified Utility Providers and (b) serve copies of the Motion, the Interim Order, and the Final Order on such Utility Providers.

17. Any Utility Provider subsequently added to the Utility Provider List that believes it requires additional adequate assurance must (a) serve an Adequate Assurance Request so that it is received on or prior to the date that is thirty (30) days after the date of service of the

Motion, the Interim Order, and the Final Order by proposed counsel for the Debtors, and (b) otherwise comply with the Adequate Assurance Procedures.

18. The Debtors request that the Interim Order and Final Order (when entered) be binding on all Utility Providers, regardless of when such Utility Provider was added to the Utility Provider List.

### BASIS FOR RELIEF

19. This Court has the authority to grant the relief requested herein pursuant to section 105(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20. Section 366(a) of the Bankruptcy Code protects a debtor against the immediate termination of utility services after it files for bankruptcy. Pursuant to this section, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), a utility provider may not, during the first twenty (20) days of the case, alter, refuse or discontinue services to a debtor in a chapter 11 case solely because of unpaid prepetition amounts if a debtor furnishes "adequate assurance" of payment. However, the utility provider may do so thereafter unless the debtor furnishes "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider within thirty (30) days of the Petition Date.

21. Section 366(c) of the Bankruptcy Code, as amended by the BAPCPA, (a) defines the forms of adequate assurance of payment that a debtor may employ in providing adequate assurance of payment to include cash deposits, letters of credit, certificates of deposit, surety bonds, prepayments of utility consumption or another form of security that is mutually agreed on between the utility provider and the debtor; (b) excludes from the definition of

adequate assurance the availability of an administrative expense claim; and (c) provides that a court may not consider certain facts in determining the amount of assurance that is adequate. 11 U.S.C. §§ 366(c)(1)(A) and (B) and (c)(3)(B).

22. Although amended section 366 of the Bankruptcy Code does clarify what forms adequate assurance of payment may take and what factors the court should consider when determining whether such assurance is adequate, Congress still instructs courts to determine what amount, if any, is necessary to provide adequate assurance of payment. Under section 366(c) of the Bankruptcy Code, there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of a debtor to adequately assure payment to utility providers is zero or nominal.

23. Prior to the BAPCPA, courts had the discretion to make such a determination. *Virginia Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'"). In this regard, the Court is not bound by state or local regulations governing what constitutes adequate assurance of payment for postpetiton utility services. *Id.* at 199; *In re Begley*, 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984), *aff'd*, 760 F.2d 46 (3d Cir. 1987). Whether utilities are subject to an unreasonable risk of nonpayment for postpetition services must be determined from the facts of each case. *See In re Keydata Corp.*, 12 B.R. 156 (Bankr. D. Mass. 1981). Since amended section 366(c)(3) of the Bankruptcy Code still permits courts to order the modification of the amount of an assurance of payment, courts remain free to require no deposit

or security where none is necessary to ensure adequate assurance of payment in any particular case.

24. In revising section 366 of the Bankruptcy Code under the BAPCPA, Congress had the opportunity to establish a minimum adequate assurance amount that would be required in each case. Congress did not set a minimum adequate assurance amount, but rather vested discretion in the courts to determine the appropriate level of adequate assurance required in each case. Accordingly, amended section 366 of the Bankruptcy Code does not give utility companies a blank check or the right to extract from debtors an unlimited amount of adequate assurance.

25. The Debtors submit that on the facts of the instant cases, the Proposed Adequate Assurance is sufficient to provide adequate assurance to the Utility Providers of the Debtors' future performance. Additionally, the Debtors propose to further protect the Utility Providers by requesting that this Court adopt the Adequate Assurance Procedures outlined above. The Debtors also submit that granting the requested relief will not prejudice the rights of the Utility Providers to seek additional adequate assurance of payment under section 366 of the Bankruptcy Code should the Proposed Adequate Assurance fail to provide the Utility Providers with adequate assurance of payment.

26. As set forth above, the Debtors cannot continue their operations without the continued services of the Utility Providers. If any of the Utility Providers alter, refuse, or discontinue service, even for a brief period, the Debtors' business operations would be severely disrupted and the value of their estates would be negatively impacted. In contrast, if the Court grants the relief requested herein, the Utility Providers will not be prejudiced by the continuation of their services.

## NOTICE

27. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of the Motion has been provided to: (a) the U.S. Trustee; (b) those parties listed on the consolidated list of creditors holding the twenty (20) largest unsecured claims against the Debtors, as identified in their chapter 11 petitions; (c) counsel for the Debtors' secured lender, ComVest Capital, LLC; and (e) the Utility Providers. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

28. No prior request for the relief sought in the Motion has been made to this Court or any other Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request that the Court (i) enter the Interim Order and the Final Order (a) determining that the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code; (b) approving the Debtors' proposed offer of adequate assurance and procedures whereby the Utility Providers may request additional or different adequate assurance; (c) prohibiting the Utility Providers from altering, refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance; (d) determining that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion; and (e) setting a Final Hearing on the Debtors' proposed adequate assurance and consideration of entry of the Final Order; and (ii) grant such other and further relief as may be just and proper.

Dated: March 17, 2010
Wilmington, Delaware

BAYARD, P.A.

/s/ *Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
Phone: (302) 655-5000
Fax: (302) 658-6395

-and-

GERSTEN SAVAGE, LLP

Paul Rachmuth
600 Lexington Avenue
New York, New York 10022
Telephone: (212) 752-9700
Facsimile: (212) 980-5192

*Proposed Counsel for the Debtors and Debtors in Possession*