IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| CRDENTIA CORP., et al.,[1] | Case No. 10-10926 (BLS) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 13 and 122 |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT JOINT CHAPTER 11 PLAN OF REORGANIZATION, (III) ESTABLISHING VOTING RECORD DATE, (IV) SCHEDULING A HEARING ON CONFIRMATION OF JOINT PLAN OF REORGANIZATION, (V) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS, (VI) APPROVING RELATED NOTICE PROCEDURES, (VII) APPROVING THE BALLOTING AGENT, (VIII) APPROVING CURE PROCEDURES AND (IX) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an Order (i) Approving Disclosure Statement, (ii) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Join Plan of Reorganization, (iii) Approving the Form of Ballots and Solicitation Materials, (iv) Establishing Voting Record Date, (v) Scheduling a Hearing on Confirmation of Joint Plan or Reorganization, (vi) Approving Related Notice Procedures, (vii) approving the balloting agent and (viii) granting related relief; and upon consideration of the Motion and all pleadings related thereto, including the statements of counsel made at the Disclosure Statement Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein;

---

[1] The Debtors, along with the last four digits of their federal tax identification numbers, are: Crdentia Corp.(5701), ATS Universal, LLC (3980), Baker Anderson Christie, Inc. (3631), CRDE Corp. (2509), GHS Acquisition Corporation (9736), Health Industry Professionals, LLC (4246), HIP Holding, Inc. (3468), MP Health Corp. (4403), New Age Staffing, Inc. (1214) and Nurses Network, Inc. (6291). The Debtors' mailing address for purposes of these cases is 1964 Howell Branch Road, Ste. 206, Winter Park, Florida 32792.

[2] Capitalized terms not defined herein have the meaning given to them in the Motion.

**THE COURT HEREBY FINDS AS FOLLOWS:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Motion and the Disclosure Statement Hearing was sufficient and proper under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D. The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the Debtors, their respective estates and creditors.

E. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and the solicitation of acceptances or rejections of the Plan by the use of the Disclosure Statement shall be deemed to be in good faith within the meaning of section 1125(e) of the Bankruptcy Code.

F. The forms of ballots attached to the Motion as **Exhibit B** (the "Ballots"): (i) are consistent with Official Form No. 14, (ii) adequately address the particular needs of these chapter 11 cases, (iii) are appropriate for each Class of Claims entitled to vote to accept or reject the Plan, and (iv) comply with Bankruptcy Rule 3017(d).

G. Ballots need not be provided to holders of Claims or Interests in the following Classes, as such Non-Voting Classes are either Unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or are Impaired but will neither retain nor receive any property under the Plan and are thus conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| *Class 1* | *Other Priority Claims* | *Deemed Accepting – Unimpaired* |

| Class 3 | Other Secured Claims | *Deemed Accepting – Unimpaired* |
| --- | --- | --- |
| Class 4 | DIP Loan Claims | *Deemed Accepting – Unimpaired* |
| Class 6 | Trade Claims | *Deemed Accepting – Unimpaired* |
| Class 7 | Intercompany Claims | *Deemed Rejecting – Will not receive or retain any property* |
| Class 8 | Interests in the Subsidiaries | *Deemed Accepting – Unimpaired* |
| Class 9 | Interests in Crdentia | *Deemed Rejecting – Will not receive or retain any property* |

H. The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for Claimholders to make informed decisions to accept or reject the Plan and submit their Ballots in a timely fashion.

I. The Tabulation Rules and the Tabulation Procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

J. The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice comply with the Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED as provided herein.

2. The Disclosure Statement is APPROVED.

3. The Debtors are authorized to make non-substantive changes to the Disclosure Statement without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make

conforming changes among the Disclosure Statement, the Plan, and any other materials to be included in the Solicitation Package prior to their distribution; and it is further

4. The Ballots substantially in the form attached to the Motion as **Exhibit B**, including the instructions attached to the Ballots, are APPROVED.

5. The Ballots shall be distributed to the Claimholders in the following Voting Classes entitled to vote to accept or reject the Plan:

| *Ballot No. 1* | *Class 2 Claims Ballot* | *Prepetition Secured Lender Claims* |
|---|---|---|
| *Ballot No. 2* | *Class 5 Claims Ballot* | *General Unsecured Claims* |

6. Omni Management Group, LLC is approved and appointed as the Debtors' balloting agent (the "Balloting Agent").

7. In order to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered, by either mail, overnight courier or personal delivery, to the Balloting Agent, so that they are actually received no later than 4:00 p.m., prevailing Eastern Time, on May 14, 2010 (the "Voting Deadline"). Ballots transmitted by facsimile or electronic mail will not be counted.

8. Solely for the purposes of voting on the Plan—and not for the purpose of allowance of or distributions on account of any Claim and without prejudice to the Debtors' rights in any other context—each Claim or Interest within a Voting Class shall be temporarily allowed in accordance with the following rules (the "Tabulation Rules"):

a) If a Claim is scheduled on the Debtors' Schedules of Assets and Liabilities (the "Schedules") in an amount greater than $0.00 and not listed as "disputed," "contingent," or "unliquidated" in the Schedules, such Claim will be temporarily allowed for voting purposes in the amount set forth in the Schedules.

b) If a proof of claim has been filed on account of such Claim before the Record Date (as defined below), such Claim will be temporarily allowed for voting

purposes in the noncontingent, liquidated and undisputed amount set forth in the proof of claim.

c)  If a Claim is listed on the Schedules, or a proof of claim filed before the Record Date is identified on its face, as contingent, unliquidated or disputed, either in whole or in part, only the noncontingent, liquidated and undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules, and the remaining portion of such Claim will be disallowed for voting purposes. If a Claimant proof of claim is filed during the period commencing on the Record Date through and including the General Bar Date (a "Post-Record Date Filed Claim") and such Claimant wants such Claim to be temporarily allowed for voting purposes in the amount set forth in such Post-Record Date Filed Claim, then the Claimant or entity filing such Post-Record Date Filed Claim must (i) serve the Balloting Agent by mail, overnight courier or personal delivery with a written request for a provisional ballot (a "Provisional Ballot") so that such request is received no later than the General Bar Date *and* (ii) timely file a Rule 3018 Motion (as defined below) in the manner herein prescribed.

d)  If a Claim is deemed allowed under the Plan, such Claim will be temporarily allowed for voting purposes in the amount set forth therein.

e)  If a Claim is listed on the Schedules, or a proof of claim filed before the Record Date is identified on its face, as contingent, unliquidated or disputed, either in whole or in part, only the noncontingent, liquidated and undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules, and the remaining portion of such Claim will be disallowed for voting purposes.

f)  If a Claim has been allowed pursuant to a stipulation approved by the Court, such Claim will be deemed allowed for voting purposes in the amount set forth in such stipulation.

g)  If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

h)  If on or before May 7, 2010 the Debtors have filed and served an objection to or motion to disallow or reclassify a Claim, or to allow or estimate the Claim in an amount different from the amount asserted in the Claim, such Claim will be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion.

i)  If a holder of a Claim identifies a Claim amount in its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

j)  Creditors will not be entitled to vote Claims to the extent such Claims duplicate or have been superseded by other Claims filed by or on behalf of such creditors. The Balloting Agent will determine whether a Claim is duplicative or superseded in the Balloting Agent's discretion.

k)  A party shall not be entitled to a vote on the Plan based upon a guarantee or other theory of payment. There shall be allowed only one vote per Claim regardless of how many Debtors may be subject to legal liability.

9. The following additional procedures shall be utilized in tabulating the Ballots (the "Tabulation Procedures"):

a)  Except to the extent the Debtors otherwise determine, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

b)  Any Ballot which is otherwise properly completed, executed and timely returned that does not indicate an acceptance or rejection of the Plan shall not be counted.

c)  Any Ballot which is returned indicating acceptance or rejection of the Plan but which is unsigned shall not be counted.

d)  Whenever a Claimholder casts more than one Ballot voting the same Claim or Interest prior to the Voting Deadline, only the last timely Ballot received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e)  If a Claimholder casts simultaneous duplicative Ballots which are voted inconsistently, such Ballots shall not count.

f)  Each Claimholder shall be deemed to have voted the full amount of its Claim or Interest as set forth on the Ballot.

g)  Claimholders shall not split their vote within a Claim, thus each Claimholder shall vote all of its Claim within a particular class either to accept or reject the Plan.

h)  Ballots partially rejecting and partially accepting the Plan shall not be counted.

i)  The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)  No Ballot should be sent to the Debtors, agents of the Debtors (other than the Balloting Agent) or the Debtors' financial or legal advisors (other than the Balloting Agent).

k) The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

l) If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person shall be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the Claimholder.

m) The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

n) In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

o) Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

p) Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code or the Disclosure Statement Order.

q) Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

r) Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

s) Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

Ballots previously furnished (and as to which any irregularities have theretofore not been cured or waived) will not be counted.

t) Any Ballot received by telecopier, facsimile or other electronic communication shall not be counted.

u) For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline.

10. Upon completion of the balloting, the Balloting Agent will certify the amount and number of allowed Claims of each Voting Class accepting or rejecting the Plan and the amount of allowed Interests of each Voting Class accepting or rejecting the Plan. The Debtors shall cause such certifications to be filed with the Court prior to the Confirmation Hearing.

11. If any Claimholder seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules and Tabulation Procedures, such Claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing its Claim or Interest in a different amount or classification for purposes of voting to accept or reject the Plan (a "<u>Rule 3018 Motion</u>") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m., prevailing Eastern Time, on May 18, 2010. The Debtors shall then have until the Confirmation Hearing to object to, adjudicate and resolve all pending Rule 3018 Motions and any responses thereto. Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Rules and the other applicable provisions of this Order unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

12. The Confirmation Hearing is hereby scheduled for May 25, 2010, at 10:00 a.m, prevailing Eastern Time. The Confirmation Hearing may be continued from time to time by

the Court without further notice other than the announcement of the adjourned date(s) at the Confirmation Hearing or any continued hearing.

13. Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objections to confirmation of the Plan; and (d) be filed with the Court and served on: (i) the Debtors, Crdentia Corp., 1964 Howell Branch Road, Ste. 206, Winter Park, Florida 32792 (Attn: Rebecca Irish); (ii) co-counsel for the Debtors, Gersten Savage, LLP, 600 Lexington Avenue, 9th Floor (Attn: Paul Rachmuth), and Bayard, P.A., Attn: Jamie L. Edmonson, 222 Delaware Avenue, Suite 900, Wilmington, DE 19801, jedmonson@bayardlaw.com; (iii) counsel for the Debtors' secured lender, ComVest Capital, LLC ("ComVest"), Lowenstein Sandler PC, Attn: Thomas A. Pitta, Esq, 65 Livingston Avenue, Roseland, New Jersey 07068; (iv) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801; and (v) counsel for the Official Committee of Unsecured Creditors, Klehr Harrison Harvey Branzburg LLP, Attn: Richard Beck, Esq., 919 Market Street, Ste. 1000, Wilmington DE 19801 (collectively, the "Objection Notice Parties"), so that they are received no later than 4:00 p.m., prevailing Eastern Time, on May 18, 2010 (the "Confirmation Objection Deadline"). The Debtors shall have the right to file a consolidated reply to any such objections no later than May 21, 2010.

14. Any objection not properly and timely filed and served shall be deemed to be waived.

15. The Confirmation Hearing Notice in substantially the form attached to the Motion as **Exhibit D** is APPROVED. The Balloting Agent, Debtors or their respective designees shall serve copies of the Confirmation Hearing Notice, along with the other materials comprising

the Solicitation Package, in accordance with the procedures set forth below. In addition to mailing the Confirmation Hearing Notice as part of the Solicitation Package, the Confirmation Hearing Notice shall also be served to (a) all parties set forth on the creditors matrix maintained by the Debtors' Balloting Agent and supplied to the Clerk of the Bankruptcy Court, (b) all members of the Voting Classes, (c) the Securities and Exchange Commission, (d) Internal Revenue Service, (e) the United States Attorney for the District of Delaware, (f) the United States Trustee, (g) the registered holders of the Interests, who shall be responsible for service to the beneficial holders, and (h) all parties who have filed a request for notice under Bankruptcy Rule 2002(i). Moreover, a shortened version of the Confirmation Hearing Notice shall be published at least once no later than twenty (20) days before the Confirmation Objection Deadline in the National Edition of the USA Today.

16. The Non-Voting Notice for the Non-Voting Classes in substantially the form attached to the Motion as **Exhibit C** is APPROVED. The Debtors, the Balloting Agent or their respective designees shall serve a copy of the Non-Voting Notice upon the members of the Non-Voting Classes.

17. Pursuant to Bankruptcy Rule 3017(d), April 16, 2010 shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "Record Date").

18. With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of payment and interest of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the

Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

19. The Debtors, the Balloting Agent or their respective designees shall mail Solicitation Packages containing copies of: (a) the Confirmation Hearing Notice; (b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing); (c) any applicable letters from the Debtors and the Committees recommending that claimants vote to accept the Plan that have been approved by the Court; (d) a form of Ballot and a Ballot return envelope, and (e) a copy of the Order of the Bankruptcy Court order approving the Disclosure Statement. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code, Solicitation Packages will not be mailed to holders of Claims in the Non-Voting Classes.

20. The Debtors, the Balloting Agent or their respective designees will mail the Solicitation Packages no later than three (3) business days after the entry of an order approving the Disclosure Statement to (a) the holders of Claims in the Voting Classes, as applicable, (b) all parties that have filed requests for notice in the chapter 11 cases on or before the Record Date; and (c) the United States Trustee for the District of Delaware.

21. Neither the Debtors nor the Balloting Agent shall be required to serve the Confirmation Hearing Notice or the Solicitation Package on parties for which the Disclosure Statement Hearing Notice was served but returned as undeliverable and the Debtors could not find a better address after reasonable diligence.

22. The Debtors are authorized to make non-substantive changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical

errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials included in the Solicitation Package prior to their distribution.

23. The following procedures for determining cure amounts through the Confirmation Date (as defined in the Plan) of the Plan (including amounts of compensation for actual pecuniary loss, the "<u>Cure Amounts</u>") and the deadline for objections to the assumption and/or assignment of contracts and/or leases to be assumed and/or assigned in connection with the Plan (collectively, the "<u>Cure Procedures</u>") are hereby approved.

(a) No later than the deadline set forth in the Plan for the filing of the Plan Supplement, the Debtors, in consultation with ComVest, shall prepare, file with the Court and distribute to non-Debtor parties to any executory contracts and unexpired non-residential real property leases anticipated to be assumed pursuant to the Plan (the "<u>Anticipated Assumed Contracts and Leases</u>") a notice (a "<u>Notice of Assignment</u>") listing (i) the Anticipated Assumed Contracts and Leases, and (ii) the Cure Amounts, if any.

(b) The non-Debtor parties to the Anticipated Assumed Contracts and Leases shall have until **May 18, 2010 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Contract Objection Deadline</u>"), which deadline may be extended in the sole discretion of the Debtors, in consultation with ComVest, to object (a "<u>Contract Objection</u>") to (i) the Cure Amounts listed by the Debtors and to propose alternative cure amounts, and/or (ii) the proposed assumption and assignment of the Anticipated Assumed Contracts and Leases pursuant to the Plan.

(c) Any party objecting to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption and assignment of Anticipated Assumed Contracts and Leases, shall be required to file and serve a Contract Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Anticipated Assumed Contracts and Leases and/or any and all objections to the potential assumption and assignment of such agreements, together with all documentation supporting such cure claim or objection, upon the Objection Notice Parties so that the Contract Objection is received no later than **4:00 p.m. (prevailing Eastern Time)** on the Contract Objection Deadline or the Amended Contract Objection Deadline, as applicable. If a Contract Objection is timely filed, the Bankruptcy Court shall hear any such Contract Objection and determine the amount of any disputed cure amount or objection to assumption and assignment not settled by the parties at the

Confirmation Hearing or such later date as the Court may deem appropriate.

(d) In the event that no Contract Objection is timely filed, the applicable party shall be deemed to have consented to the Cure Amount proposed by the Debtors and shall be forever enjoined and barred from seeking any additional amount on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates, the Reorganized Debtors, ComVest or their respective properties on account of the assumption and assignment of such executory contract or unexpired non-residential real property lease and deemed to have consented to the proposed assignment and assumption. In addition, if no timely Contract Objection is filed, the Reorganized Debtors shall enjoy all of the rights and benefits under all Anticipated Assumed Contracts and Leases, without the necessity of obtaining any party's written consent to the Debtors' assumption and assignment of such rights and benefits, and each such party shall be deemed to have waived any right to object to, consent to, condition or otherwise restrict any such assumption and assignment.

24. Nothing in this Order shall be deemed to constitute a waiver of, determine or prejudice any rights or arguments that are the subject of a timely filed Contract Objection. In addition, notwithstanding the inclusion of an Anticipated Assigned Contract and Lease on a schedule or the sending of an Assignment Notice to an Assumed Contract and Lease counterparty, the Debtors, in consultation with ComVest or the purchaser, shall have the right to decide not to assume and assign such Anticipated Assumed Contract and Lease at any time prior to the Court's entry of an order approving assumption and assignment of such Assigned Contract and Lease or as otherwise permitted pursuant to the terms of the Plan.

25. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

26. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

27. This Order is effective immediately upon entry.

Dated: April 23 2010
Wilmington, Delaware

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge

c